Sandra DUNBAR, Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner–Appellant,

v.

MSK CORP.—Main Event Food Service, Respondent–Appellee.

No. 02–6274.

United States Court of Appeals, Second Circuit.

Dec. 30, 2003.

Richard J. Lussier, for Arthur F. Rosenfeld, General Counsel, National Labor Relations Board (Judith I. Katz and Aaron N. Karsh, on the brief), Washington D.C., for Appellant.

John T. McCann, Hancock & Estabrook, LLP (Christian P. Jones, on the brief), Syracuse, NY, for Appellee.

Present: FEINBERG, CALABRESI and CABRANES, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued by counsel.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the District Court is **AFFIRMED.**

Petitioner-appellant Sandra Dunbar for and on behalf of the National Labor Relations Board (the "Board") appeals from an order entered August 28, 2002 by the United States District Court for the Western District of New York, awarding respondent-appellee MSK–Corp—Main

Event Food Service ("MSK") attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The fees were awarded on the ground that the Board's decision to commence an action against MSK in the district court for injunctive relief under Section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j), was not "substantially justified," 28 U.S.C. § 2412(d)(1)(B), because although MSK presented the Board with potentially dispositive defenses, the Board failed to investigate adequately MSK's contentions before bringing suit. The Board appeals, arguing that its petition for injunctive relief was substantially justified because (1) MSK did not, despite the Board's requests, provide the Board with concrete exculpatory evidence until after the petition was filed; and (2) the Board reasonably took three months to review the evidence eventually provided by MSK before moving to voluntarily dismiss the petition. We affirm the district court's order.

We review the award of attorney's fees under the EAJA for abuse of discretion. *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 188 (2d Cir.2000). A district court abuses its discretion if it relies on " 'an erroneous view of the law or on a clearly erroneous assessment of the evidence.' " *Id.* at 188–89 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)).

The record before us shows that before May 10, 2001, the date when the Board filed its petition, the Board had been in communication with MSK regarding whether MSK, as a successor employer, had to recognize and bargain with the union that represented the employees who had worked for MSK's predecessor. The Board was also aware, at that time, of MSK's position that it had a good faith doubt that a majority of its employees supported union representation, based on

a decertification petition filed by MSK's employees, which MSK learned of on March 27, 2001. Several telephone conversations took place in which MSK apprised the Board of its position and reasons for it, letters were exchanged on that topic, and the decertification petition had been filed. Yet despite all of this, the Board repeatedly provided MSK with very short deadlines (one or two days) to submit its position and support therefor in response to the Board's, and the Board engaged in no further investigation of its own before bringing suit. This is not a case where a putative violating employer, after being given a reasonable time to respond to the Board's requests for evidence concerning the employer's defenses, failed substantially to do so. *See Lion Uniform v. NLRB*, 905 F.2d 120, 125 (6th Cir.1990); *Leeward Auto Wreckers, Inc. v. NLRB*, 841 F.2d 1143, 1147–48 (D.C.Cir. 1988). It was therefore not an abuse of discretion for the district court to conclude that under these circumstances the Board's failure to investigate further before bringing the injunction petition was not substantially justified.

The district court also concluded that once the Board was confronted on May 21, 2001 with the exculpatory evidence (in the form of affidavits from MSK's employees), its decision to continue the litigation for three months before moving to voluntarily dismiss the petition was not substantially justified because once the Board was in possession of the exculpatory evidence, it had all the evidence necessary to evaluate what course of action it needed to take. The Board argues, however, that it was entitled to a reasonable amount of time to pursue and "alternative" theory it had previously not considered. But the Board also admits that the facts upon which this alternative theory was based were unrelated to the information conveyed in the May 21st affidavits. Indeed, the facts that supported the alternative theory were ostensi-

bly available to the Board since the filing of the union's unfair labor practices complaint. Given that the Board could have pursued its alternative theory even before deciding to bring the injunction petition, the district court did not abuse its discretion when it concluded that the Board's decision to prolong the litigation for three months was not substantially justified.

Finally, we find that the district court did not abuse its discretion in awarding MSK fees for the 13.5 hours MSK's counsel billed for the time spent with the Board's attorneys to take affidavits of MSK's witnesses.

Having considered all of the Board's arguments, and finding them to be without merit, we AFFIRM the order of the district court.